# SUPREME COURT.

## CHARLES G. PATTERSON agt. ELISHA BLOOMER.

Where defendant's damages are assessed upon a reference, on the *dissolution of an injunction*, the court may *order* the plaintiff to pay them, and if he refuses, may enforce the payment thereof by *attachment*.

Where in such case, the report of the referee has been confirmed in a proceeding to which the plaintiff was a party, and *no appeal* having been taken by him, the same is conclusive upon him.

*Special Term, November*, 1869.
*Before* INGRAHAM, J.

AFTER an injunction had been issued in this case, and the usual undertaking given, (which the plaintiff did not sign) he discontinued. A reference was thereupon ordered to compute the defendant's damages. The plaintiff had notice of, and opposed, the application; and also appeared on the reference, but filed no exceptions to the report. A motion for a "final adjudication," and for a confirmation of the report, was made, which was granted, and an order made, June 23, 1868, "that the plaintiff was not and had not been entitled to said injunction; that the defendant's damages caused thereby amounted to $2,060, and that he was entitled to recover the same from the plaintiff and his sureties." This order was served on the plaintiff's attorney, July 1, 1868, and personal notice given him, October 1, 1868, but no appeal was ever taken therefrom. A suit was subsequently commenced against the sureties. The defendant now moves on affidavits showing the above facts, and that service of a certified copy of this order had been made on the plaintiff, and a demand made by a person having written authority from the defendant, for an order that the plaintiff pay or be punished as for a contempt.

GEORGE W. WINGATE *for the defendant.*

*First.*—The plaintiff cannot go behind the order of June 23, 1868, which adjudicates the defendant's damages and his right to recover them from him.

I. Having had full notice of that order and of all prior proceedings, his failure to appeal made it conclusive.

II. The method of correcting error is by appeal, not by disobedience, *(People* agt. *Sturtevant,* 5 *Seld.,* 266.)

*Second.*—The order was regular.

I. The discontinuance by the plaintiff, involved the concession that the injunction could not be maintained, and that the plaintiff was not entitled to it. ( *Pacific M. S. S. Co.* agt. *Leuling,* 7 *Abb., N. S.,* 37, 40 ; *Taaks* agt. *Schmidt,* 19 *How.,* 414; *Crockett* agt. *Smith,* 14 *Abb.,* 62 ; *Mutual Safety Ins. Co.* agt. *Roberts,* 4 *Sandf. Ch.,* 592 ; *Coates* agt. *Coates,* 1 *Duer,* 664; *Carpenter* agt. *Bosworth,* 4 *Bosw.,* 655; *Cumberland Coal and Iron Co.* agt. *Hoffman Steam Co.* 39 *Barb.,* 16.)

II. The fact of the plaintiff's not having signed the undertaking was immaterial. (*a*) It is not the practice for a plaintiff to sign undertakings on injunction, (*Askin* agt. *Hearns,* 3 *Abb.,* 188 *; Leffingwell* agt. *Chave,* 10 *Id.,* 475, 476 ; *Rep., of Mexico* agt. *Arrangoiz,* 5 *Duer.,* 640.) (*b*) The reference is provided by the Code, irrespective of the terms of the undertaking, (*Code,* § 222.) (*c*) The plaintiff is liable as a wrong doer in any event, and a bond having been given *" on his part" (Code* § 222,) prescribing a particular method of computing the damages, he cannot object thereto. (*Askin* agt. *Hearns,* 3 *Abb.,* 188.)

III. The direction to pay was proper, although as *against the sureties* a new action should perhaps be brought, yet the liability of the *plaintiff* having been fully adjudicated, no further proceedings were necessary or should be required. The Code contemplates that these damages should be fixed and paid in a summary proceeding in the original action;

making a distinction between these and other cases of damages on undertakings. (*Compare* § 222 with § 182, 207, 230, 234, *Code*.)

*Third*, The court has jurisdiction to enforce the order by proceeding for contempt. (3 *Rev. stat.*, 849 *et seq.*; *Crary Specl. Proc.*, 172 *et seq.*)

DUDLEY FIELD *for the plaintiff*.

*First*, The plaintiff not having signed the undertaking is not liable for these damages.

*Second*, The order of reference was irregular.

*Third*, The court has no jurisdiction to proceed for as a contempt.

INGRAHAM J.—The court may order the plaintiff to pay the damages assessed, and if he refuses may enforce the payment thereof by attachment. The report having been confirmed in a proceeding to which the plaintiff was a party and no appeal having been taken by him, the same is conclusive upon him.

The defendant may have an order directing the payment of the money within thirty days after service of notice of this order or in default that an attachment issue.